IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

FEB 19 2014

Clerk, U.S. District Court
District Of Montana
Helena

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. MICHAEL RAY LUFBOROUGH, Defendant/Movant. | Cause No. CR 12-013-BLG-SEH<br>CV 13-134-BLG-SEH<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On October 21, 2013, Defendant/Movant Lufborough moved to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Lufborough is a federal prisoner proceeding pro se.

A § 2255 motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b) of the Rules Governing § 2255 Proceedings. Although a § 2255 motion is typically assigned to the judge who conducted sentencing or trial, United States District Judge Jack D. Shanstrom presided over Lufborough's case. Judge Shanstrom has since retired.

The record of the case shows that Lufborough was convicted of being a felon in possession of firearms, a violation of 18 U.S.C. § 922(g)(1). On December 3, 2012, he was sentenced to serve 63 months in prison, to be followed by a three-

1

year term of supervised release. The federal sentence was imposed to run consecutively to a state sentence. Minutes (Doc. 28); Judgment (Doc. 29) at 2-3.

In reviewing Lufborough's motion, the Court has consulted the reporter's rough transcripts of the change of plea hearing and the sentencing hearing. The United States will be required to order those transcripts to complete the record.

## I. Claims and Analysis

The § 2255 motion asserts two claims. One more is raised in a supporting memorandum.

### A. *Descamps* Claim

Lufborough asserts, relying on *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276, 2282 (2013), that criminal endangerment, as defined in Montana law, no longer qualifies as a "crime of violence" under U.S.S.G. § 2K2.1(a)(4)(A). Judge Shanstrom found that criminal endangerment was a crime of violence. The base offense level was fixed at 20 rather than 14. *Compare* Presentence Report (Doc. 29) (under seal) ¶ 21; U.S.S.G. § 2K2.1(a)(4)(A) *with id.* § 2K2.1(a)(6)(A).

Lufborough is mistaken that criminal endangerment no longer qualifies. A "crime of violence," for purposes of § 2K2.1, means:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> **(1)** has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> **(2)** is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) & Application Note 1; *see also id.* § 2K2.1(a)(4)(A) & Application Note 1.

Mont. Code Ann. § 45-5-207(1) defines criminal endangerment as "knowingly engag[ing] in conduct that creates a substantial risk of death or serious bodily injury to another." While subsection (1) of § 4B1.2(a) does not apply, subsection (2) does. Criminal endangerment, by the terms of its statutory definition, categorically "involves conduct that presents a serious potential risk of physical injury to another." *Cf. United States v. Bailey*, 139 F.3d 667, 667-68 (9th Cir. 1998) (holding similar Arizona statute constituted "crime of violence" under U.S.S.G. § 4B1.2).

This claim is denied.

### B. Exceptional Circumstances

The second claim alleges ineffective assistance of counsel because counsel failed to draw to Judge Shanstrom's attention the "exceptional circumstances" of the offense. Lufborough states that Judge Shanstrom probably would have departed downward in the calculation of the advisory guideline range had he known more of the circumstances of Lufborough's conduct.

3

Lufborough contends that he returned the two rifles he stole from Ace Hardware "[m]inutes after exiting the store with the firearms," Mem. (Doc. 36) at 2, "of his own accord," *id.* at 7. As Lufborough himself said this to Judge Shanstrom at sentencing, it is unlikely counsel's pointing it out would have made a material difference. Further, to the extent Lufborough accurately describes his conduct, he received the benefit of it. The United States agreed to dismiss a charge of theft from a federal firearms licensee, Plea Agreement (Doc. 21) at 2-3 ¶¶ 2-3; Indictment (Doc. 1) at 2. Moreover, Lufborough did not receive a two-point enhancement under U.S.S.G. § 2K2.1(b)(4) for possessing firearms that were stolen, *see* Presentence Report ¶ 22.

There is more to the issue than Lufborough represents. Store employees confronted Lufborough in the parking lot. Presentence Report ¶¶ 8-10; Offer of Proof (Doc. 18) at 3 ¶¶ 1-2. Lufborough asked the employees "to disregard his 'mistake' and 'forget the whole thing ever happened.'" Offer of Proof at 3 ¶ 2. At the change of plea hearing, Lufborough agreed the store employees confronted him before he returned the rifles and agreed that he made the statement reported. Lufborough also told a state court "he was attempting to 'help' the store by showing them how easy it was for someone to walk out with firearms." Presentence Report ¶ 14. Lufborough did not disclaim that absurd statement. *See* Presentence Report Addendum at 1-4. In a letter he wrote to Judge Shanstrom

4

before sentencing, Lufborough simply said he was "intoxicated." Deft. Letter (Doc. 26-1) at 1.

It is extremely unlikely that Judge Shanstrom or any other judge would have found "extraordinary circumstances" sufficient to support a downward departure in the advisory guideline calculation under U.S.S.G. § 5K2.0. This claim is denied.

### C. Credit for Time Served

Finally, Lufborough claims he chose to plead guilty because he thought he would receive credit against his federal sentence for ten months he spent in custody prior to sentencing. Mem. at 3. Presumably, he means he was mistakenly advised that he would receive credit against *both* his state and his federal sentence for those ten months, rather than against only one of those sentences. *See* 18 U.S.C. § 3585(b).

To obtain vacation of his guilty plea, Lufborough must show that, were it not for his counsel's incorrect alleged advice about credit for time served, he would not have pleaded guilty to being a felon in possession of a firearm but instead would have insisted on standing trial on that charge as well as the charge of theft from a federal firearms licensee. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986).

There is no reasonable probability he would have done so. After all, Lufborough's guilty plea resulted not only in a three-level reduction of his total

5

offense level under U.S.S.G. § 3E1.1, *see* Presentence Report ¶¶ 27-28, but also in the United States' dismissal of Count 1. Had Lufborough been convicted at trial on both counts of the Indictment, or even solely on Count 1, the probable advisory guideline range would have been 84-105 months. *See* U.S.S.G. §§ 2K2.1(a)(4)(A), (b)(4), 3D1.2(a)-(c), 3D1.3(a). Based on the plea agreement and the three-point reduction for acceptance of responsibility, Lufborough's advisory guideline range was actually 51-63 months. The guilty plea in effect reduced his sentence by *at least* 21 months.

Lufborough does not identify any weakness in the prosecution's case or any viable defense. Assuming a reasonable person in Lufborough's position, *see Hill*, 474 U.S. at 59-60 (quoting *Strickland v. Washington*, 466 U.S. 668, 695 (1984), was correctly advised that he faced either 84-105 months if convicted at trial or 51-63 months if convicted by guilty plea, and was correctly advised he would not receive credit against the federal sentence for time served, that person would have no rational basis for choosing to risk a sentence *at least* 21 months longer than he would likely receive if he pled guilty.

Lufborough cannot show he was prejudiced by counsel's incorrect alleged advice about credit for time served. *Hill*, 474 U.S. at 59-60. This claim is denied.

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Lufborough's allegations support an inference that he was deprived of a constitutional right. The first of his claims, brought under *Descamps v. United States*, 133 S. Ct. at 2282, lacks merit because the definition of a "crime of violence" in the residual clause of U.S.S.G. § 4B1.2(a)(2) – "involv[ing] conduct that presents a serious potential risk of physical injury to another" – is virtually identical to Montana's definition of criminal endangerment, "knowingly engag[ing] in conduct that creates a substantial risk of death or serious bodily injury to another," Mont. Code Ann. § 45-5-207(1).

Lufborough's second claim, that counsel should have sought a downward departure in the advisory guideline calculation based on "extraordinary

7

circumstances" under U.S.S.G. § 5K2.0, omits his admissions that store employees confronted him before he returned the rifles and that he asked them to conceal his crime. Lufborough also overlooks the excuses he gave for his conduct; he told a state court judge he was trying to "help" the store by stealing its property to show them how easy it was, and he told Judge Shanstrom he was "intoxicated." There simply was nothing extraordinary about the circumstances of Lufborough's crime.

Finally, while bad advice from counsel about a defendant's likely sentence can, under some circumstances, support withdrawal of a guilty plea, there are no such circumstances here. Lufborough identifies no potential weakness in the prosecution's case and no viable defense. It is wholly unrealistic to assume that a reasonable person in his position would have chosen to stand trial on two separate charges and face the prospect of a sentence *at least* 21 months greater if he had known he would not receive ten months' credit for time served in custody before his federal sentencing.

There is no reason to encourage further proceedings. A COA is not warranted.

ORDERED:

1. Under 28 U.S.C. § 753(f), the Court CERTIFIES that the transcripts of the following proceedings are required to complete the record and decide an issue

8

presented by Lufborough's motion:

    a. change of plea hearing, held June 26, 2012; and

    b. sentencing hearing, held December 3, 2012.

2. The United States shall immediately order the transcripts of those hearings for the Court's file, with copies to be delivered to Michael Ray Lufborough # 11700-046, USP Canaan, U.S. Penitentiary, P.O. Box 300, Waymart, PA 18472.

3. Lufborough's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 35) is DENIED;

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Lufborough files a Notice of Appeal;

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 13-134-BLG-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Lufborough.

DATED this 19th day of February, 2014.

                                            Sam E. Haddon
                                            United States District Court